# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

**Case No.** CV 04-10444-GAF

**Date:** January 26, 2005

**Title:** Balani v. Faircrest Apartments, L.P., et al.

---

### The Honorable Gary Allen Feess, Judge

| Debra L. O'neill for Marilynn Morris | None Present |
|---|---|
| **Courtroom Deputy Clerk** | **Court Reporter** |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:** (In Chambers)

### NOTICE OF RULING ON MOTION TO DISMISS

Defendants move to dismiss all claims filed by Plaintiffs in the above-captioned action. Because the Court finds that the matter is capable of resolution on the papers, the Court **VACATES** the January 31, 2005 hearing in this matter. The following sets forth the Court's ruling.

### A. BACKGROUND

In February 2002, the Balanis – husband, wife and child – moved into the Faircrest Apartments.[1] They contend that, through the apartment manager, defendant owners discriminated against families with children. For example, they contend that the lease agreement contained a number of terms and conditions that treated families with children different from other families, and placed unreasonable restrictions on children and unreasonable requirements on their parents. Further, the assert that, during the entire time that Plaintiffs resided at the Faircrest Apartments, Defendants' resident property manager, Victoria Garavito ("Garavito") gave them a difficult time. (Id. ¶ 18-19.) Plaintiffs allege that Garavito, while acting as a representative of defendants and acting within the course and scope of her employment, forbade all children tenants at the Apartments from

---

[1] For purposes of resolving the pending motion, the Court accepts the allegations of the Complaint as true, and draws all inferences in favor of Plaintiffs. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).

playing outside of their units. (Id. ¶¶ 11,18.) She allegedly told the children tenants that they were not even allowed to set a foot outside of their apartment units. (Id.) On one occasion, Garavito supposedly told Mr. Balani, while he was teaching his daughter how to walk, that his daughter could not be outside. (Id. ¶ 19.)

On January 31, 2003, Plaintiffs moved from the Faircrest Apartments to a new residence. (Id. ¶ 14.)

## B. THE STANDARD

A motion to dismiss a complaint tests the legal sufficiency of the claims asserted. FED. R. CIV. P. 12(b)(6). A court may not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Thus, dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

## C. DISCUSSION

### 1. The Standing Issue

Defendants move to dismiss the complaint on the ground that plaintiffs lack standing to assert the claims because they no longer live in the complex making the dispute moot. To the extent that Plaintiffs seek declaratory and injunctive relief, the Court agrees. "The equitable remedy is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any **real or immediate threat** that the plaintiff will be wronged again." City of Los Angeles v. Lyons, 461 U.S. 95 (1983) (emphasis added); see also Anderson v. Davila, 125 F.3d 148, 163 (3d Cir. 1997) ("A party seeking injunctive relief must demonstrate that there exists some **cognizable danger of recurrent violation** of its legal rights.") (emphasis added). Plaintiffs' cannot possibly plead irreparable harm or danger of recurrent violation because they no longer live in the apartment complex. The motion to dismiss the claims for injunctive and declaratory relief is **GRANTED** and those claims are **DISMISSED WITHOUT LEAVE TO AMEND.**

Irrespective of the issue of injunctive and declaratory relief, respondents continue to seek damages to redress alleged violations of the Fair Housing Act ("FHA"). See Havens Realty Corp. v. Coleman, 455 U.S. 363 (1982); 42 U.S.C. § 3602(i) (defining an "aggrieved person" as any person who claims to have been injured by a discriminatory housing practice). The only requirement for standing to sue under the FHA is the Article III requirement of injury in fact. Fair Housing Council of Suburban Philadelphia v. Montgomery Newspapers, 141 F.3d 71 (3d Cir. 1998); Coleman, 455 U.S. at 1122. As long as respondents have alleged distinct and palpable injuries that are "fairly traceable" to petitioners' actions, the Article III requirement of injury in fact is satisfied. Arlington Heights v. Metropolitan Housing Dev. Corp., 429 U.S. 252, 261 (1977). In short, moving out to avoid further injury does not preclude a lawsuit to recover for injuries suffered during the tenancy. Because the complaint adequately alleges injury in fact (e.g., Compl. ¶¶ 23-24), Plaintiffs have adequately established their Article III standing. Accordingly, the motion to dismiss the damage claims for lack of standing is **DENIED.**

### 2. *The Section 17200 Claim*

Defendants argue that Plaintiffs' claim under California's Business and Professions Code, § 17200, et seq. should be dismissed because Plaintiffs' have not alleged loss of money or property within the meaning of that statute. The Court agrees. Under California law, private litigants have no independent cause of action for damages under the unfair competition statute; rather, the remedies are strictly limited to injunctive relief and restitution, which may include disgorgement of illicit profits to injured parties. MAI Systems Corp. v. UIPS, 856 F. Supp. 538 (N.D. Cal. 1994); Vikco Ins. Servs. Inc. v. Ohio Indemnity Co., 70 Cal. App. 4th 55, 68 (1999) ("The only nonpunitive monetary relief available under the Unfair Business Practices Act is the disgorgement of moneys wrongfully obtained."). Here, Plaintiffs seek compensatory damages for injuries they claim resulted from the defendants' discriminatory conduct. (E.g., Compl. ¶23.) The Unfair Business Practices Act simply does not provide a means for recovery of such damages. As to this claim, the motion to dismiss is **GRANTED** and the claim is **DISMISSED WITHOUT LEAVE TO AMEND**.

### 3. *The Remaining Damage Claims*

Defendants move to dismiss Plaintiffs' claims for damages under the Unruh Act, FEHA, the Federal Fair Housing Act, and common law negligence. They also move to strike the prayer for punitive damages.

#### a. The Unruh Act

The Unruh Act, CALIF. CIV. CODE § 51, prohibits discrimination against families with children. See O'Connor v. Village Green Owners Assoc., 33 Cal. 3d 790, 792 (1983) (holding that condominium owners association could not, under the Unruh Act, enforce restriction prohibiting residency by person under 18 years of age); Marina Point, Ltd. v. Wolfson, 30 Cal. 3d 721, 744 (1982) (holding that apartment complex could not, under the Unruh Act, prohibit families with children).[2] Here Defendants contend that the discrimination was reasonable, citing Sunrise Country Club Assn. ("Sunrise") v. Proud, 190 Cal. App. 3d 377, 381 (1987). That case upheld a by-law dividing common areas of a housing development into adult and family sections as reasonable. Even assuming that Sunrise applies in this context, the question of reasonableness is a matter that cannot be decided as a matter of law on a motion to dismiss. Accordingly, the motion to dismiss the Unruh Act claims is **DENIED**.

#### b. FHA and FEHA Claims

Likewise, Plaintiffs have alleged sufficient facts to establish a violation of the FHA and FEHA[3]

---

[2] In 1993, the California Legislature added "familial status" as a new protected basis in housing discrimination cases and defined the term. Cal. Gov't Code, §§ 12955, 12955.2. "'Familial status' means one or more individuals under 18 years of age who reside with a parent, another person with care and legal custody of that individual . . . ." Id. § 12955.2.

[3] California's FEHA, Cal. Gov. Code § 12955, et seq. is substantially equivalent to the FHA, such that the Court will only address the FHA. If Defendants' actions violate the Federal FHA, then, they necessarily violate FEHA. The FEHA is to be liberally construed to effectuate its purposes. California Gov't Code § 12993(a); see also Brown v. Smith, 55 Cal. App. 4th 767, 780 (1997) ("FEHA in the housing area is thus intended to conform to the general requirements

for damages. Plaintiffs' Complaint alleges facts sufficient to state a claim under two provisions of the FHA, 42 U.S.C. § 3604(b)[4] and § 3604(c).[5] To establish a prima facie violation of § 3604(b), the plaintiff must show that (1) plaintiff's rights are protected under the FHA, and (2) as a result of the Defendants' discriminatory conduct, Plaintiffs have suffered a "distinct and palpable injury." Harris v. Itzhaki, 183 F.3d 1043, 1051 (9th Cir. 1999). Here Defendants' argument merits little discussion. Under controlling case authority, Plaintiffs have more than adequately stated claims under these statutes. See, e.g., Gamble v. City of Escondido, 104 F.3d 300, 306 (9th Cir. 1997) (citations omitted); Ragin v. New York Times Co., 923 F.2d 995, 999 (2d Cir. 1991); Llanos v. Estate of Anthony Coehlo, 24 F. Supp. 2d 1052, 1056 (E.D. Cal. 1998). The motion to dismiss these claims is **DENIED**.

### c. Negligence

To sufficiently pled a cause of action for negligence under California law, the Plaintiffs must allege (1) the existence of duty (the obligation to other persons to conform to a standard of care to avoid unreasonable risk of harm to them); (2) breach of duty (conduct below the standard of care); (3) causation (between the Defendants' act or omission and the Plaintiffs' injuries); and damages. Merrill v. Navegar, Inc., 26 Cal. 4th 465, 500 (2001). Plaintiffs allege that Defendants owe Plaintiffs a duty pursuant to the Fair Housing Act to operate the Faircrest Apartments in a manner that was free from unlawful discrimination, and to hire, train, supervise, and discipline their employees. (Compl. ¶37.) Plaintiffs allege Defendants breached that duty by discriminating against families with children on account of their familial status. (Id.) They allege Defendants' negligent failure to hire, to train, to supervise, and to discipline caused Plaintiffs' injuries including, but not limited to, emotional distress and physical injury, humiliation and mental anguish, and bodily injury such as upset stomachs, headaches, sleep loss, and depression. (Id. at ¶23.) Finally, Plaintiffs claim that Defendants' owe them compensatory damages for the injuries they caused. (Id.) Accordingly, the complaint adequately states a claim for negligence, and Defendants' motion to dismiss this claim is **DENIED**.

### 4. Punitive Damages

Defendants' argue that Plaintiff's prayer for punitive damages should be stricken pursuant to Fed. R. Civ. P. Rule 12(f)[6] because it is an improper demand or prayer. (Mot. at 14.) Defendants argue that "no where [sic] in Plaintiffs complaint" do they allege "malice, oppression or fraud" as is required under Cal. Civ. Code § 3284 when seeking damages. (Mot. at 15.) However, Plaintiff

---

780 (1997) ("FEHA in the housing area is thus intended to conform to the general requirements of federal law in the area and may provide greater protection against discrimination.").

[4] § 3604(b) makes it unlawful to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of . . . familial status. . . ."

[5] § 3604(c) makes it unlawful to ". . . publish any notice, statement or advertisement, with respect to the sale or rentail of a dwelling that indicates any preference, limitation, or discrimination bsed on . . . familial status. . . ."

[6] Rule 12(f) pertains in relevant part that "[u]pon motion made by a party before responding to a pleading, . . . The court may order stricken from a pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter."

correctly points out in their opposition that notice pleading governs here. FED. R. CIV. P. 8. Here, Plaintiffs have placed defendants on notice that they intend to seek punitive damages, which may be awarded under the Fair Housing Act. 42 U.S.C. § 3613(c). Whether Plaintiffs can meet the standard of proof to recover under that section is an open question, but not one for decision at this stage of the proceedings. The motion to strike the prayer for punitive damages is **DENIED.**

IT IS SO ORDERED.